UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LEVEL 12 PRODUCTIONS, LLC, | ) |
| Plaintiff, | ) Case No: |
| v. | ) |
| TGP COMMUNICATIONS LLC D/B/A THE GATEWAY PUNDIT, | ) JURY TRIAL DEMAND |
| Defendant. | ) |

## COMPLAINT

Plaintiff Level 12 Productions, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant TGP Communications LLC d/b/a The Gateway Pundit ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Brendan Gutenschwager ("*Gutenschwager*") created a series of photographs and videos in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at www.thegatewaypundit.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed Plaintiff's photographs and videos on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

### PARTIES

5. Level 12 Productions, LLC is a Michigan limited liability company and

maintains its principal place of business in Wayne County, Michigan.

6. Upon information and belief, defendant TGP Communications LLC d/b/a The Gateway Pundit, is a Missouri limited liability company with a principal place of business in the City and Count of Saint Louis, Missouri.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it was founded and maintains its principal place of business in Missouri.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Plaintiff is the legal and rightful owner of certain photographs and videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's portfolio of visual works.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's works while many others are the subject of pending copyright applications.

13. Plaintiff's photographs and videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. On January 8, 2022, Gutenschwager first published a video titled "01.08.2022.Patriot Front Loading Shields and Flags in Chicago.mp4". ("*Video 1*"). A copy of a still frame image from Video 1 is attached hereto collectively as Exhibit 1.

15. On April 7, 2022, Video 1 was registered by the USCO under Registration No. PA

2

2-353-166.

16. On January 8, 2022, Gutenschwager first published a video titled "01.08.2022.Patriot Front Departing from Chicago.mp4". ("*Video 2*"). A copy of a still frame image from Video 2 is attached hereto collectively as Exhibit 1.

17. On April 7, 2022, Video 2 was registered by the USCO under Registration No. PA 2-353-168.

18. On January 8, 2022, Gutenschwager first published a video titled "01.08.2022.Patriot Front Marching Through Grant Park in Chicago.mp4". ("*Video 3*"). A copy of a still frame image from Video 3 is attached hereto collectively as Exhibit 1.

19. On April 7, 2022, Video 3 was registered by the USCO under Registration No. PA 2-353-164.

20. On February 12, 2022, Gutenschwager first published a video titled "02.12.2022.Convoy Gathers at Blue Water Bridge in Port Huron.mp4" ("*Video 4*"). A copy of a still frame image from Video 4 is attached hereto collectively as Exhibit 1.

21. On April 15, 2022, Video 4 was registered by the USCO under Registration No. PA 2-354-070.

22. On February 12, 2022, Gutenschwager first published a video titled "02.12.2022.Traffic Backed Up Along Blue Water Bridge in Port Huron.mp4" ("*Video 5*"). A copy of Video 5 is attached hereto collectively as Exhibit 1.

23. On April 15, 2022, Video 5 was registered by the USCO under Registration No. PA 2-354-069.

24. On February 12, 2022, Gutenschwager first published a video titled "02.12.2022.Trucks Slow Rolling by Blue Water Bridge.mp4" ("*Video 6*"). A copy of Video 6 is attached hereto collectively as Exhibit 1.

25. On April 15, 2022, Video 6 was registered by the USCO under Registration No. PA 2-354-068.

26. On February 12, 2022, Gutenschwager first published a video titled

"02.12.2022.Police Move Crowd Away from Ambassador Bridge in Windsor.MOV" ("*Video 7*"). A copy of Video 7 is attached hereto collectively as Exhibit 1.

27. On April 15, 2022, Video 7 was registered by the USCO under Registration No. PA 2-354-071.

28. On November 29, 2022, Gutenschwager first published a photograph titled "11.29.2022.Biden Motorcade in Michigan 1.JPG" ("*Photograph 8*"). A copy of Photograph 8 is attached hereto collectively as Exhibit 1.

29. On December 26, 2022, Photograph 8 was registered by the USCO under Registration No. VA 2-332-710.

30. On November 29, 2022, Gutenschwager first published a photograph titled "11.29.2022.Biden Motorcade in Michigan 2.JPG" ("*Photograph 9*"). A copy of Photograph 9 is attached hereto collectively as Exhibit 1.

31. On December 26, 2022, Photograph 9 was registered by the USCO under Registration No. VA 2-332-710.

32. On November 29, 2022, Gutenschwager first published a photograph titled "11.29.2022.Biden Motorcade in Michigan 3.JPG" ("*Photograph 10*"). A copy of Photograph 10 is attached hereto collectively as Exhibit 1.

33. On December 26, 2022, Photograph 10 was registered by the USCO under Registration No. VA 2-332-710.

34. On November 29, 2022, Gutenschwager first published a photograph titled "11.29.2022.Biden Motorcade in Michigan 4.JPG" ("*Photograph 11*"). A copy of Photograph 11 is attached hereto collectively as Exhibit 1.

35. On December 26, 2022, Photograph 11 was registered by the USCO under Registration No. VA 2-332-710.

36. On November 29, 2022, Gutenschwager first published a video titled "11.29.2022.Protesters Outside Biden Motorcade in Michigan.mp4" ("*Video 12*"). A copy of Video 12 is attached hereto collectively as Exhibit 1.

37. On February 12, 2023, Video 12 was registered by the USCO under Registration No. PA 2-401-456.

38. On November 17, 2023, Gutenschwager first published a video titled "11.17.2023.Pro-Palestinian Protest at University of Michigan" ("*Video 13*"). A copy of Video 13 is attached hereto collectively as <u>Exhibit 1</u>.

39. On February 7, 2024, Video 13 was registered by the USCO under Registration No. PA 2-458-091 (hereinafter all of the individual photographs and videos herein listed above are referred to as the "*Works*").

40. Gutenschwager published the Works by commercially licensing them to third-party media companies for the purpose of display and/or public distribution.

41. In creating the Works, Gutenschwager personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the Works and made each and every artistic determination necessary for the creation of the Works.

42. Gutenschwager created the Works with the intention of them being used commercially and for the purpose of display and/or public distribution.

43. Plaintiff acquired all ownership, interests and the exclusive copyrights in and to the Works from Gutenschwager by written assignment.

**B.    Defendant's Infringing Activity**

44. Defendant is the registered owner of the Website and is responsible for its content.

45. Defendant is the operator of the Website and is responsible for its content.

46. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

47. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

48. The Website is monetized in that it collects donations from the public and, on information and belief, Defendant profits from these activities.

49. The Website is monetized in that it collects revenues from sponsors and, on

information and belief, Defendant profits from these activities.

50. The Website is monetized in that it earns revenue from paid memberships and, on information and belief, Defendant profits from these activities.

51. Upon information and belief, Defendant is a sophisticated media company and has advanced operational and strategic expertise in an industry where copyright is prevalent.

52. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles and posts have been properly licensed.

53. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

54. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

55. Upon information and belief, a number of copyright infringement claims have been asserted against Defendant highlighting a pattern of habitual infringement and suggesting Defendant has either failed to rectify systemic issues leading to these infringements or is willfully neglecting copyright laws.

56. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

57. On or about January 8, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed a still frame image from Video 1 on the Website as the cover image for its on-line story at URL: https://www.thegatewaypundit.com/2022/01/feds-parade-mysterious-khaki-clad-federal-patriot-front/ ("*Infringement 1*"). A copy of a screengrab depicting Infringement 1 including the still frame image from Video 1, is attached hereto as a part of Exhibit 2.

58. The still frame image from Video 1 was intentionally and volitionally copied and stored by Defendant at URL: https://www.thegatewaypundit.com/wp-content/uploads/patriot-front-begone-.jpg.

59. Infringement 1 is an exact copy of the still frame image from Plaintiff's Video 1 and the central portion thereof that was directly and deliberately copied and displayed by Defendant.

60. Plaintiff first observed Infringement 1 on March 16, 2022.

61. Without permission or authorization from Plaintiff, Defendant further volitionally displayed Video 2 on the Website as part of the same on-line story at URL: https://www.thegatewaypundit.com/2022/01/feds-parade-mysterious-khaki-clad-federal-patriot-front-back-time-protesting-chicago/ ("*Infringement 2*"). A copy of a screengrab depicting Infringement 2 including Video 2, is attached hereto as a part of Exhibit 2.

62. Video 2 was intentionally and volitionally displayed by Defendant.

63. Infringement 2 is an exact copy of Plaintiff's original video that was directly displayed by Defendant.

64. Plaintiff first observed Infringement 2 on March 16, 2022.

65. Without permission or authorization from Plaintiff, Defendant further volitionally displayed Video 3 on the Website as part of the same on-line story at URL: https://www.thegatewaypundit.com/2022/01/feds-parade-mysterious-khaki-clad-federal-patriot-front-back-time-protesting-chicago/ ("*Infringement 3*"). A copy of a screengrab depicting Infringement 3 including Video 3, is attached hereto as a part of Exhibit 2.

66. Video 3 was intentionally and volitionally displayed by Defendant.

67. Infringement 3 is an exact copy of Plaintiff's original video that was directly displayed by Defendant.

68. Plaintiff first observed Infringement 3 on March 16, 2022.

69. On or about February 12, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed a single still frame image from Video 4 on the

Website as the cover image for its on-line story at URL: https://www.thegatewaypundit.com/2022/02/developing-freedom-trucker-convoy-gathers-us-side-border-blue-water-bridge-port-huron-michigan-video/ ("*Infringements 4-5*"). Copies of screengrabs depicting Infringements 4-5 including Video 4, are attached hereto as a part of <u>Exhibit 2</u>.

70. The still frame image from Video 4 was intentionally and volitionally copied and stored by Defendant at URL: https://www.thegatewaypundit.com/wp-content/uploads/IMG_0078-1.jpg.

71. Infringements 4-5 are exact copies of still frame images from, along with the entirety of Plaintiff's original video that were directly copied and/or displayed by Defendant.

72. Plaintiff first observed Infringements 4-5 on March 16, 2022.

73. Without permission or authorization from Plaintiff, Defendant volitionally displayed Video 5 on the Website as part of the same on-line story at URL: https://www.thegatewaypundit.com/2022/02/developing-freedom-trucker-convoy-gathers-us-side-border-blue-water-bridge-port-huron-michigan-video/ ("*Infringement 6*"). A copy of a screengrab depicting Infringement 6 including Video 5, is attached hereto as a part of <u>Exhibit 2</u>.

74. Infringement 6 is an exact copy of Plaintiff's original video that was directly displayed by Defendant.

75. Plaintiff first observed Infringement 6 on March 16, 2022.

76. Without permission or authorization from Plaintiff, Defendant volitionally displayed Video 6 on the Website as part of the same on-line story at URL: https://www.thegatewaypundit.com/2022/02/developing-freedom-trucker-convoy-gathers-us-side-border-blue-water-bridge-port-huron-michigan-video/ ("*Infringement 7*"). A copy of a screengrab depicting Infringement 7 including Video 6, is attached hereto as a part of <u>Exhibit 2</u>.

77. Infringement 7 is an exact copy of Plaintiff's original video that was directly displayed by Defendant.

78. Plaintiff first observed Infringement 7 on March 16, 2022.

79. Without permission or authorization from Plaintiff, Defendant volitionally displayed Video 7 on the Website as part of the same on-line story at URL: https://www.thegatewaypundit.com/2022/02/developing-freedom-trucker-convoy-gathers-us-side-border-blue-water-bridge-port-huron-michigan-video/ ("*Infringement 8*"). A copy of a screengrab depicting Infringement 8 including Video 7, is attached hereto as a part of Exhibit 2.

80. Infringement 8 is an exact copy of Plaintiff's original video that was directly displayed by Defendant.

81. Plaintiff first observed Infringement 8 on March 16, 2022.

82. On or about November 29, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 8 on the Website as the cover image for its on-line story at URL: https://www.thegatewaypundit.com/2022/11/go-brandon-protesters-troll-joe-biden-departs-computer-chip-plant-michigan-video/ ("*Infringement 9*"). A copy of a screengrab depicting Infringement 9 including Photograph 8, is attached hereto as a part of Exhibit 2.

83. Photograph 8 was intentionally and volitionally copied and stored by Defendant at URL: https://www.thegatewaypundit.com/wp-content/uploads/Fiw-OfNXkAE8-pq.jpg.

84. Infringement 9 is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant.

85. Plaintiff first observed Infringement 9 on December 1, 2022.

86. Without permission or authorization from Plaintiff, Defendant volitionally displayed Photographs 8-11 and Video 12 on the Website as part of the same on-line story at URL: https://www.thegatewaypundit.com/2022/11/go-brandon-protesters-troll-joe-biden-departs-computer-chip-plant-michigan-video/ ("*Infringement 10-11*"). Copies of screengrabs depicting Infringements 10-11 including Photographs 8-11 and Video 12, are attached hereto as a part of Exhibit 2.

87. Infringements 10-11 are exact copies of Plaintiff's original images and video that were directly displayed by Defendant.

88. Plaintiff first observed Infringements 10-11 on December 1, 2022.

89. On or about November 17, 2023, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed a still frame image along with the entirety of Video 13 on the Website as part of an on-line story at URL: https://www.thegatewaypundit.com/2023/11/another-leftist-insurrection-hundreds-pro-hamas-agitators-invade/ ("*Infringements 12-16*"). Copies of screengrabs depicting Infringements 12-16 including Video 13, are attached hereto as a part of Exhibit 2.

90. The still frame image from Video 13 was intentionally and volitionally copied and stored by Defendant at URL: https://www.thegatewaypundit.com/wp-content/uploads/2023/11/Hamas-Michigan.jpg.

91. Infringement 12 is an exact copy of a still frame from Plaintiff's original video and the central portion thereof that was directly copied and displayed by Defendant.

92. Infringements 13-16 are exact copies of crucial segments from Plaintiff's original video that were directly displayed by Defendant.

93. Plaintiff first observed Infringements 12-16 on November 20, 2023.

94. Upon information and belief, each of Plaintiff's Works were copied and/or displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Works (hereinafter the unauthorized uses set forth above are referred to as the "*Infringements*").

95. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit them to be communicated for a period of more than a transitory duration and therefore constitute specific Infringements.

96. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images and videos including but not limited to Plaintiff's Works.

97. Upon information and belief, Defendant directly contributes to the content posted

on the Website, by *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Jim Hoft, Cristina Laila, and Cullen Linebarger who are listed as editors and/or authors on the Website (the "*Employees*").

98. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

99. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

100. Upon information and belief, the Works were willfully and volitionally displayed on the Website by Defendant.

101. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

102. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

103. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

104. Upon information and belief, the Works are readily identifiable as copyright protected as they contain Plaintiff's watermark, thereby making Defendant's infringement willful as a matter of law.

105. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

106. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

107. Upon information and belief, Defendant monitors the content on its Website.

108. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

109. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising, sponsor, donation and paid membership revenues.

110. Upon information and belief, a large number of people have viewed the unlawful copies of the Works on the Website.

111. Specifically, Defendant's Website boasts over 2.5 million unique readers visiting the Website every day and that the Website is ranked as one of the top 100 websites in America.

112. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

113. Defendant's use of the Works harmed the actual market for the Works.

114. Defendant's use of the Works, if widespread, would harm Plaintiff's potential market for the Works.

115. On May 14, 2024, Plaintiff, via counsel, served a letter seeking to address a number of the complaints contained herein to Defendant's last known counsel concerning Defendant's infringement of Plaintiff's rights-protected work.

116. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

117. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

118. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

119. The Works are each original, creative works in which Plaintiff owns a valid copyright.

120. The Works are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

121. Plaintiff has not granted Defendant a license or the right to use the Works in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

122. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed Works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

123. Defendant's reproduction and/or display of the Works constitutes willful copyright infringement.

124. Upon information and belief, Defendant willfully infringed upon Plaintiff's Works in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Works without Plaintiff's consent or authority.

125. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

126. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

127. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringements of its copyright pursuant to 17 U.S.C. § 502.

## **JURY DEMAND**

128. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Works in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Works by copying and/or displaying them without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each Infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: March 12, 2025

**SANDERS LAW GROUP**

By: ___*/s/ Renee J. Aragona*___
Renee J. Aragona, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 125777

*Attorneys for Plaintiff*

14