**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEVEL 12 PRODUCTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-308 HEA |
| | ) | |
| TGP COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Level 12 Productions, LLC's Motion to Compel Discovery and for Sanctions and Second Motion to Compel Discovery and for Sanctions. (ECF Nos. 30 and 34). Also before the Court is Defendant TGP Communications LLC's Motion to Compel Depositions and for Sanctions. (ECF No. 33). The three motions are briefed and ripe for review. For the reasons that follow, Plaintiff's Motion to Compel Discovery and for Sanctions is granted in part and denied in part; Plaintiff's Second Motion to Compel Discovery and for Sanctions is denied as moot; and Defendant's Motion to Compel Depositions and for Sanctions is granted in part and denied in part.

## *I. Background*

Plaintiff filed the instant action for copyright infringement. Plaintiff's copyright infringement claims relate to four articles Defendant published in 2022

and 2023 that contained embedded videos and photos. The articles were posted on and hosted by X (formerly, Twitter). Still-frame screenshots that allegedly were derived from some of the videos are also at issue in this case.

On July 14, 2025, the Court entered a Case Management Order ("CMO"). The Court set April 30, 2026, as the deadline for the completion of discovery in this case. On May 13, 2026, the Court extended the discovery completion deadline to June 1, 2026, and on June 11, 2026, it was extended to June 15, 2026. Based on a review of the record, it appears that the parties did not engage in discovery until March 2026. Since that time, a number of discovery disputes have arisen between the parties. The Court will first address Plaintiff's motions to compel discovery and then turn to Defendant's motion to compel depositions. Finally, the Court will take up the parties' motions for attorneys' fees and sanctions.

## *II. Legal Standard*

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery in federal court, which provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad. *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §§ 2007, 3637 (1970)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted). After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992), *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 511–12 (N.D. Iowa 2000)). The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad

disclosure." *Id*. (quoting *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

## *III. Discussion*

### A. Plaintiff's Motion to Compel

Having carefully reviewed Plaintiff's motion and the legal memoranda in support and opposition, the Court grants in part and denies in part Plaintiff's first motion to compel as follows:

> Request for Production 4: Produce a native copy of the Works and all portions thereof that were displayed on the Website.[1]

Plaintiff argues that the "Works" are directly at issue in this copyright case, and "native copies" – "meaning the video or image files Defendant copied, downloaded, and uploaded or stored on its website or computer servers and the metadata included with each native file" – are "highly relevant" to Plaintiff's infringement claims and "must be produced." (ECF No. 31 at 8).

Defendant responds that on June 23, 2026, the date the parties had agreed to in their meet-and-confer telephone conference, it served an amended response to Plaintiff's Request for Production No. 4, in which it stated that "Defendant ha[d]

---

[1]In its request to produce, "Works" was defined to mean "the video, videos, image or images referenced in the Complaint and, specifically, any and all images attached thereto," and "Website" referred to "the website located at the URL/domains: www.thegatewaypundit.com." (ECF No. 32, Ex. 2 at 2-3).

conducted a reasonable search for documents responsive to this Request, and no such documents were located after such search."[2] (ECF No. 38 at 10).

Plaintiff, however, is not satisfied with Defendant's response. In its reply memorandum, Plaintiff points to the fact that in response to Nos. 20-23 of Plaintiff's First Requests for Admissions, Defendant admitted that still-frame images from the videos at issue in this case "were copied and stored locally on Defendant's own servers." (ECF No. 43 at 12). Plaintiff asserts that Defendant's prior admissions and its assertion that no responsive documents were located creates a "substantial evidentiary gap," that raises questions as to the adequacy of Defendant's search. Plaintiff contends that "[u]nder these circumstances, Plaintiff is entitled to inquire into the nature of Defendant's search, the repositories and systems reviewed, and the whereabouts of admittedly existing responsive files so that Plaintiff and the Court may evaluate Defendant's assertion that no responsive files remain available." (ECF No. 43 at 12). The Court is not inclined to agree.

First, Defendant amended its responses to Plaintiff's First Requests for Admissions, and it later denied Nos. 20-23. But even if the Court were to consider Defendant's initial responses to Requests to Admit Nos. 20-23, they do not establish that still-frame images were stored on Defendant's "own servers," as Plaintiff

---

[2]Plaintiff filed its Motion to Compel on June 22, 2026, a day before the parties' agreed-upon deadline for Defendant to provide supplemental responses.

contends. Requests to Admit Nos. 20-23 asked about images "stored locally on Your server," and "You" and "Your" were defined to include the Defendant "together with any and all of its present and former agents, attorneys, representatives and any other person(s) acting on their behalf." (ECF No. 32, Ex. 3 at 2 and 7). In other words, Requests to Admit Nos. 20-23 were not limited to Defendant's "own servers," but rather the requests were significantly broader in scope. Finally, it is not the role of the Court to conduct discovery on Plaintiff's behalf. Plaintiff could have propounded written discovery inquiring into the nature of Defendant's search and the systems that were reviewed. Plaintiff's Motion to Compel is denied with regard to Document Request No. 4.

> Request for Production No. 10: All documents sufficient to identify any and all lawsuits, DMCA takedown notices, complaints and/or other claims Defendant has been served with containing allegations of copyright infringement for the five years preceding the filing of this case.

> Request for Production No. 26: All documents sufficient to show the licenses that Defendant obtained for use of any photograph or video posted to the Website over the last three years.

Plaintiff asserts that the documents it seeks in Request No. 10 are relevant to Defendant's knowledge of copyright and its state of mind, *e.g.,* whether the violations were willful versus innocent. As for Request No. 26, Plaintiff asserts that the documents it seeks in this request are relevant to Defendant's knowledge of

copyright and the requirement to obtain permission for use of another's work, as well as being relevant to the issue of damages.

Defendant responds in a cursory manner that Plaintiff has failed to show that licenses or complaints for copyright infringement that are unrelated to the photos and videos at issue in this case are relevant. It also argues that Plaintiff has not "demostrat[ed] that its Requests are not overbroad and unduly burdensome." (ECF No. 38 at 12).

The Court agrees with Plaintiff that the documents it seeks in these requests are relevant to this dispute. Defendant has invoked the affirmative defenses of good faith and non-willfulness. That is to say, Defendant has placed its own knowledge, intent, and copyright compliance practices at issue. Discovery related to past copyright complaints directed at Defendant and licenses that it did obtain is relevant.

As for Defendant's objections, it is Defendant's burden, not Plaintiff's, to show that the requests are overbroad and unduly burdensome. *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018). Defendant must provide a specific explanation as to why a request is improper, and it has not done so here. Further, "[a] party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Id.* (quotation and citation omitted). In opposing Plaintiff's Motion to Compel, Defendant has not explained how the requests are overbroad or suggested how they might be limited,

and it provided no evidence whatsoever to support its claim that Plaintiff's discovery requests are unduly burdensome or disproportional to the needs of this case, such as an affidavit explaining the volume of the materials that would need to be searched or the number of documents that might be responsive. Finding Defendant has failed to meet its burden, the Court overrules Defendant's objections that the requests are overbroad, unduly burdensome, and disproportional to the needs of this case. The Court will grant Plaintiff's Motion to Compel with regard to Document Requests No. 10 and 26.

> Interrogatory No. 5: Identify each Person who displayed each of the Works on the Website, or caused each of the Works to be displayed on the Website.
>
> Interrogatory No. 8: Identify all individuals and their relationship with Defendant who have the right to review or edit content displayed on the Website at the time that the Works were displayed.
>
> Interrogatory No. 10: Identify the individual responsible for the procurement of licenses from a copyright holder at the time that the Works were displayed on the Website.

Plaintiff contends that these three interrogatories are directly relevant to its claims and Defendant's affirmative defenses. It argues that employee(s) or agent(s) who were responsible for selecting and making each of the Works visible on Defendant's website, for editing content on Defendant's website, and/or for procuring licenses for copyrighted materials are potential witnesses who may be called at trial. Plaintiff argues that it is entitled to specific information as to which

potential witnesses may be the most knowledgeable on each subject, and who was involved in the conduct at issue. The Court finds Plaintiff has met its initial burden of establishing relevancy.

In its answer to Interrogatory No. 5, Defendant identified "itself," a limited liability company, as "having embedded certain videos allegedly owned by Plaintiff through Defendant's website, www.thegatewaypundit.com." (ECF No. 38 at 13). With regard to Interrogatory No. 8, Defendant also identified "itself" as "having the ability to review or edit content on the Website." (ECF No. 32, Ex. 7 at 8). Finally, for Interrogatory No. 10, Defendant identified "itself" and "X Corp." as being responsible for the procurement of licenses from a copyright holder. (ECF No. 32, Ex. 7 at 8). In its response to Plaintiff's motion to compel, Defendant stands by its answers identifying "itself." It asserts that self-identification of the company is "fully consistent with the fact that TGP owns, operates, and controls the website, www.thegatewaypundit.com, where the at-issue photos and videos were allegedly displayed." (ECF No. 38 at 14).

Defendant's answers were not responsive, and it has not properly responded to Interrogatories Nos. 5, 8, and 10. A company can act only through its officers, employees, agents, and contractors – in other words, through *people*. The interrogatories ask for the identification of the individuals responsible for various conduct at issue in this case. The interrogatories are reasonable and relevant requests,

and the Court will grant Plaintiff's Motion to Compel as to Interrogatories Nos. 5, 8, and 10.

**B. Plaintiff's Second Motion to Compel**

The Court now turns to Plaintiff's Second Motion to Compel. In its motion, Plaintiff seeks a document in response to the following Requests for Production:

> Request for Production No. 22: All documents sufficient to identify all of Your compensation policies or procedures to compensate the posting of content to the Website.
>
> Request for Production No. 23: All documents sufficient to show Defendant's policies, rules, guidelines, instructions, employee handbooks and/or procedures for posting or displaying content on the Website.
>
> Request for Production No. 24: All documents sufficient to show Defendant's policies, rules, guidelines, procedures, employee handbooks and/or standards to determine what content is chosen to illustrate an article on the Website.

More specifically, Plaintiff seeks in its motion an unredacted copy of the document titled "Author Guidelines and Stylebook; Style Guide for The Gateway Pundit Authors." As background, on June 12, 2026, in response to Nos. 22, 23, and 24, Defendant produced a copy of the nine-page document that was heavily redacted. Following a meet-and-confer telephone conference, and after the parties filed a joint motion for a protective order, Defendant produced an unredacted copy of the document. Plaintiff admits that the document has been produced and, therefore, Plaintiff's Second Motion to Compel will be denied as moot.

### C. Defendant's Motion to Compel Depositions

On June 4, 2026, Defendant served, via email, notices of deposition for Brendan Gutenschwager, Plaintiff's principal, as well as for a company representative pursuant to Federal Rule of Civil Procedure 30(b)(6). The Zoom depositions were noticed for June 12 or, alternatively, June 15, 2026.

Under the CMO that was operative at the time the notices of deposition were served, the discovery completion deadline was June 1, 2026. However, on June 1, 2026, before Defendant served the deposition notices, Defendant filed a motion asking that discovery be extended until June 15, 2026. Defendant stated in its motion that "Plaintiff does not oppose the requested extension" – a fact Plaintiff does not dispute. (ECF No. 25 at 2). The Court granted Defendant's motion on June 11, 2026, and the discovery completion deadline was extended through June 15, 2026. Plaintiff nonetheless refused to produce Mr. Gutenschwager or a representative for the deposition on June 12 or 15, 2026, or on any other date. Defendant now moves to compel these depositions.

Plaintiff responds to Defendant's motion with essentially two arguments. First, Plaintiff argues that Defendant failed to comply with the meet-and-confer requirement of Local Rule 3.04. Under the Local Rule, a discovery motion must contain a statement that "movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but

that after sincere efforts to resolve their dispute, counsel are unable to reach an accord." E.D. Mo. 3.04. It is undisputed that on June 19, 2026, counsel from both sides had a telephone conference to discuss various discovery disputes between the parties. It is also undisputed that during the call, Defendant's counsel attempted to discuss the parties' dispute regarding the depositions, but Plaintiff's counsel refused to engage in a discussion. Despite its refusal to engage in efforts to resolve the discovery dispute over the depositions, it is Plaintiff that now raises the issue of the parties' failure to meet and confer. Plaintiff defends its refusal on the grounds that its counsel had arranged the meet-and-confer telephone conference on June 19, 2026, to address the deficiencies in Defendant's discovery responses. Plaintiff accuses Defendant's counsel of attempting to "bootstrap its depositions complaints" into the meet-and-confer conference that Plaintiff's counsel had arranged. (ECF No. 39 at 4).

Refusing to discuss a discovery dispute based on who arranged the meeting is, at the very least, not reasonable. The Court agrees that the parties did not make good-faith and sincere efforts, at the core of professionalism and civility, to resolve the dispute over the depositions, but this was not the fault of Defendant's counsel, but rather that of Plaintiff's. The Court declines to deny Defendant's motion to compel the depositions on the ground that it has not met the requirements of Local Rule 3.04.

As for its second argument, Plaintiff argues that the notices of deposition were untimely because discovery was closed at the time they were served. Defendant responds that it served the notices after it had filed a motion to extend the discovery deadline – a motion that was filed with Plaintiff's consent and ultimately granted.

The Court finds that it was not reasonable for Plaintiff to have stonewalled Defendant's attempt to schedule the depositions. During the course of this litigation, the parties have made agreements and acted on those agreements before there was a ruling by the Court. For example, before there was a ruling on the parties' motion for a protective order, the parties produced sensitive documents and agreed that the documents would be considered confidential. Also, on June 30, 2026, the parties filed a "Stipulation and Joint Motion to Extend [CMO] Deadlines," including the July 1, 2026 deadline to file dispositive and *Daubert* motions. The Court has not ruled on the parties' motion to amend the CMO, and the deadline to file dispositive and *Daubert* motions has come and gone, and yet neither side filed any such motions. The Court suspects the parties did not file any dispositive or *Daubert* motions because they expect their motion to amend the CMO will be granted.

It was reasonable for Defendant to have expected its consent motion to extend discovery would be granted, and moreover, the motion to extend discovery was granted before the depositions were scheduled to take place. Plaintiff should have produced Mr. Gutenschwager and a Rule 30(b)(6) representative for deposition or,

alternatively, Plaintiff's counsel should have engaged with opposing counsel to arrange mutually agreeable times to take the depositions. Plaintiff's argument as to timeliness is not persuasive. The Court will grant Defendant's motion to compel the two depositions.

**D. Attorneys' Fees and Sanctions**

The Court now turns to the parties' motions for sanctions under Rule 37 of the Federal Rules of Civil Procedure. Plaintiff moves under Rule 37(a)(5) that Defendant be required to pay the fees and expenses Plaintiff incurred in bringing its two motions to compel. Defendant seeks unspecified sanctions under Rule 37(d)(1).

Under Rule 37(a)(5)(A), if a discovery motion is granted or the requested discovery is provided after the motion is filed, the Court *must* require the opposing party and/or counsel to pay the movant's reasonable expenses, including attorney's fees. "But the court *must not* order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (a)(5)(A). Under Rule 37(a)(5)(C), if a discovery motion is granted in part and denied in part, the Court *may* apportion reasonable expenses.

Based on the record, the Court finds that neither side is entitled to fees or sanctions. Counsel spent very little time conferring in sincere attempts to resolve

their differences. One telephone conference was held at the last minute before the deadline to file discovery motions expired, and no time was spent conferring in person. Instead, the attorneys sent lengthy emails and written correspondence detailing their positions.[3] Further, Plaintiff filed its first motion to compel prior to the parties' agreed-upon deadline for Defendant to supplement its discovery responses. In other words, Plaintiff filed its first motion to compel before attempting in good faith to obtain the discovery without the Court's involvement. In their motions, the parties spend more time defending their attorneys' conduct and attacking that of their opponent's than addressing the actual merits of the discovery disputes. For example, Plaintiff's Reply Memorandum in Support of its Second Motion to Compel was 15 pages long – twice as long as its initial brief – even though Defendant had already provided the discovery Plaintiff sought.

The Court believes the conduct of counsel that is described in the motions currently before the Court reflects more a discordant relationship between the attorneys than sincere attempts to resolve disputes that have arisen during discovery. Counsel's conduct has resulted in excessive expenditures of the Court's time and

[3]The parties attached copies of dozens of pages of emails and letters to their motions and memoranda. The Court has not and will not wade through emails and correspondence between counsel to ascertain the parties' positions as to the substantive issues at bar. Any argument regarding discovery disputes must be made in the parties' legal memoranda. In the future, the parties should refrain from filing copies of emails and written correspondence between counsel. That said, the Court is confident that counsel can resolve any future discovery dispute that may arise without further involvement of the Court.

unnecessary attorneys' fees. The court discerns no justification for the award of fees, expenses, or other sanctions where the conduct of counsel, on both sides has been unreasonable. The parties' respective motions for Rule 37 sanctions and/or attorneys' fees are denied.

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Opinion, Memorandum, and Order, Plaintiff Level 12 Productions, LLC's Motion to Compel Discovery and for Sanctions is **GRANTED in part and DENIED in part**. Plaintiff's Motion is **GRANTED** to the extent that on or before **September 11, 2026**, Defendant TGP Communications LLC shall produce documents in response to Plaintiff's Requests for Production Nos. 10 and 26, and it shall fully answer Plaintiff's Interrogatories Nos. 5, 8, and 10. In all other respects, Plaintiff's motion is **DENIED.** [ECF No. 30].

**IT IS FURTHER ORDERED** that Plaintiff Level 12 Productions, LLC's Second Motion to Compel Discovery and for Sanctions is **DENIED as moot.** [ECF No. 34].

**IT IS FURTHER ORDERED** that consistent with the terms of this Opinion, Memorandum, and Order, Defendant TGP Communications LLC's Motion to Compel Depositions and for Sanctions is **GRANTED in part and DENIED in part**. Defendant's Motion is **GRANTED** to the extent that on or before **September**

**18, 2026**, Brendan Gutenschwager and a Rule 30(b)(6) company representative for Plaintiff Level 12 Productions, LLC shall appear for deposition to testify at a time and date mutually agreed upon by the parties. In all other respects, Defendant's motion is **DENIED.** [ECF No. 33]

Dated this 2nd day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE